UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| MARTIN WATSON, surviving widow,<br><br>Plaintiff,<br><br>vs.<br><br>LIFE INSURANCE COMPANY OF NORTH AMERICA, a foreign corporation,<br><br>Defendant. | Case No.:   2:15-CV-00271<br><br>COMPLAINT FOR BREACH OF CONTRACT, VIOLATION OF CONSUMER PROTECTION ACT, BAD FAITH, NEGLIGENCE, AND VIOLATIONS OF THE INSURANCE FAIR CONDUCT ACT (RCW 48.30)<br><br>**JURY DEMAND** |

TO THE DEFENDANT:

The Plaintiff, by and through his attorney, Michael E. Nelson, Nelson Blair Langer Engle PLLC, based upon information and belief, alleges the following:

## I.   JURISDICTION, PARTIES AND VENUE

1.1   The Plaintiff, Michael Watson, is a resident of Snohomish County, Washington, is a King County employee, and was married to Lorrie Gordon at the time of her accidental death in King County, Washington.

1.2   Defendant, LIFE INSURANCE COMPANY OF NORTH AMERICA (hereinafter "LINA"), is a foreign corporation doing business in Washington, whose primary place of business is located in the State of Pennsylvania.  At all times relevant herein,

COMPLAINT– 1
File Number 203769

LAW OFFICES OF
NELSON BLAIR LANGER NELSON PLLC
12055 15th Avenue NE
Seattle, Washington  98125
Telephone: 206-623-7520
Facsimile:  206-622-7068

Plaintiff's employer, King County, contracted with LINA, as to the determination, claims administration, and payment of Group Accidental Death Insurance benefits under Policy No. OK 821586.

1.3 Since, at all times relevant herein, Lorrie Gordon was covered by King County Accidental Death Policy No. OK 821586 through Plaintiff's employment with King County, the claim for Accidental Death benefits by his named beneficiary and widow, Plaintiff Martin Watson, is exempt from ERISA as defined by 29 U.S.C. § 1001, *et seq.*

1.4 The matter in controversy, exclusive of interest and costs, exceeds the sum of Seventy-five Thousand Dollars ($75,000.00).

## II.   FACTUAL ALLEGATIONS

2.1 Plaintiff is an employee of King County, and through his employment, his wife, Lorrie Gordon, was covered under a Group Accidental Death Insurance policy (No. OK 821586). Premiums were paid to Defendant in consideration for Accidental Death benefits. King County contracted with Defendant LINA as to the determination, claim administration, and payment of these benefits.

2.2 Lorrie Gordon had been diagnosed with urothelial cancer undergoing radiation and chemotherapy and the cancer has spread to her bones and lungs.

2.3 On August 19, 2014, Lorrie Gordon fell and broke her left femur and her left clavicle, resulting in hospitalization and surgery. Lorrie Gordon developed complications from the surgery for her fractured left femur, which led to her accidental death, as defined by the LINA policy.

2.4 The State of Washington Department of Health Death Certificate dated August 26, 2014, listed Ms. Gordon's cause of death as:

COMPLAINT– 2
File Number 203769

LAW OFFICES OF
NELSON BLAIR LANGER NELSON PLLC
12055 15th Avenue NE
Seattle, Washington 98125
Telephone: 206-623-7520
Facsimile: 206-622-7068

1   A.   Acute Respiratory Failure.

2   B.   Acute Fat Emoli.

3   C.   Pathologic Femur Fracture.

4   D.   Metastatic Urothelial Cancer.

MANNER OF DEATH:   ACCIDENT

2.5   Plaintiff Martin Watson, as widow and named beneficiary, filed a claim with LINA for Group Accidental Death Insurance benefits of $500,000.00 on August 29, 2014.

2.6   On December 23, 2014, LINA denied Mr. Watson's claim stating in pertinent part:

> The records were reviewed by J. Scott Denton, M.D., Forensic Pathologist. Dr. Denton opined, ". . .The fracture was classified as pathologic because it was a fracture due to her severe metastatic cancer, which caused demineralized bones, and occurred from a fall close to the ground that would normally not cause a fracture in a health person.  Although it is possible that the fracture occurred while she was falling, the fracture likely occurred and became displaced when she was coming to rest on the floor.  Her bones were described as "moth-eaten" and entirely replaced by mixed ost3eolytic and osteoblastic metastatic tumor disease. The bone disease involved her femur and hip, as well as the area of the displaced femur fracture.  On August 10, 2014 she underwent surgery to correct the displacement of her pathologically fractured femur and developed the complication of respiratory failure.  The respiratory failure was possibly due to bone marrow embolism from the surgical repair of her fracture, her generalized weakness after surgery, or related to metastatic cancer around her lungs in the pleural effusion.  The metastatic cancer in the pleural effusion around her lungs, and therefore likely within her lungs at the time of her surgery, was not definitely diagnosed until the day of August 18, 2014.  She died the next day on August 19, 2014 in the hospital.  Her cause of death was certified as respiratory failure due to probable fat emboli due to a pathologic fracture of the femur due to metastatic urothelial cancer.  No autopsy was performed.
>
> * * *
>
> Although Lorrie Gordon fell while getting out of bed and suffered a pathologic fracture of her femur and clavicle, medical evidence on file supports that this would not have normally occurred in a health person.  Lorrie Ann's bones were demineralized and tumor-weakened due to her metastatic cancer and the treatments she was receiving.

COMPLAINT– 3
File Number 203769

LAW OFFICES OF
NELSON BLAIR LANGER NELSON PLLC
12055 15th Avenue NE
Seattle, Washington 98125
Telephone: 206-623-7520
Facsimile: 206-622-7068

2.7 LINA rejects the official death certificate's cause of death and, without sufficient medical justification, substitutes its own in-house cause of death so as to defeat coverage for Plaintiff's claim.

2.8 LINA's own in-house doctor, R. Norton Hall, M.D., rendered his opinion that "the bone fractured pathologically and <u>then</u> she fell as opposed to falling first and fracturing as a result of the fall" and this evidently was the cause of the denial. Dr. Hall's opinion as to whether the clavicle fracture was the result of the fall or happened first so as to cause the fall was unstated.

2.9 J. Scott Denton, M.D., a forensic pathologist, retained regularly by LINA, opined that "Although it is possible that the fracture occurred while she was falling, the fracture likely occurred and became displaced when she was coming to rest on the floor."

2.10 A final reviewing doctor for LINA, Paul D. Seiferth, opined that:

> . . . it is my professional opinion with a reasonable degree of medical certainty that Ms. Gordon sustained a pathological fracture of the left femur mid-shaft due to metastatic cancer to this are [sic] of the femur when she slipped and not from a fall to ground.

2.11 On January 12, 2015, Plaintiff requested a reconsideration of LINA's inadequate investigation and denial, and formally advised LINA, this time through counsel, of the numerous manners in which its denial was inappropriate. Notable factual issues brought to LINA's attention included the fact that the death certificate designated the cause of death as being "accidental" and, furthermore, that LINA was notified that it was attempting to impose upon Mr. Watson an ERISA appeals process when it knew this claim was not subject to ERISA regulation and that this constituted an intentional miscommunication respecting insurance under Washington law.

COMPLAINT- 4
File Number 203769

LAW OFFICES OF
NELSON BLAIR LANGER NELSON PLLC
12055 15th Avenue NE
Seattle, Washington 98125
Telephone: 206-623-7520
Facsimile: 206-622-7068

2.12    Plaintiff formally tendered a reconsideration of LINA's denial by notice to LINA on January 12, 2015, which set forth LINA's lack of any reasonable investigation, its inconsistent positions, leading format of questions to its own in-house doctor directing efforts to find against coverage, and the other reasons to justify payment.

2.13    On January 26, 2015, Plaintiff Martin Watson properly served his 20-Day Notice to LINA pursuant to the Insurance Fair Conduct Act. A courtesy copy was also faxed to LINA's claim manager. Plaintiff's Notice alleged causes of action against LINA for unreasonable denial and delay of first party claims for payment of benefits as well as specific violations of WAC 284-30-330 "Specific Unfair Claims Settlement Practices Defined"; WAC 284-30-350 "Misrepresentation of Policy Provisions"; WAC 284-30-360 "Standards For The Insurer To Acknowledge Pertinent Communications"; WAC 284-30-370 "Standards for Prompt Investigation of A Claim"; WAC 284-30-380 "Settlement Standards Applicable To All Insurers"; An unfair claims settlement practice rule adopted or codified in Chapter 284-30-330 of the Washington Administrative Code by the insurance commissioner intending to implement the Insurer Fair Claims Act; or RCW 48.30 for unreasonably denying a claim for coverage or payment of benefits under the Insurance Fair Conduct Act. Plaintiff specifically notified LINA that this notice did not waive additional causes of action for insurance bad faith, breach of contract, emotional distress, insurer negligence, or violations of the Washington State Consumer Protection Act. By virtue of this 20-Day Notice, Plaintiff expressly provided LINA with the opportunity to cure its wrongful actions within 20 days of the date of that notice and resolve any and all claims and causes of against it by making payment or submitting notice of intent to make payment of the denied claim pursuant to the Insurance Fair Conduct Act within the 20-day period as defined and required by said act.

COMPLAINT– 5
File Number 203769

LAW OFFICES OF
NELSON BLAIR LANGER NELSON PLLC
12055 15th Avenue NE
Seattle, Washington 98125
Telephone: 206-623-7520
Facsimile: 206-622-7068

2.14   In response to the IFCA notice, Defendant, on February 17, 2015, again denied Plaintiff Martin Watson's claim for Group Accident Insurance benefits, in the amount of $500,000.00.

2.15   There are no terms in LINA's policy which specifically exclude, let alone inferentially exclude, contributing causes which are not the underlying cause, especially when the underlying cause is an accidental and mechanical cause, like a fall.

2.16   LINA conducts its claim review process in a manner that results in the denial of valid claims.

2.17   LINA wrongfully denied Mr. Watson's life insurance claim and then, when provided the opportunity to reconsider its wrongful denial, LINA upheld its original denial of the claim.

2.18   Lorrie Gordon's fall was accident-caused and not caused by a disease or illness so as to exclude coverage of the Group Accidental Death policy benefits.

2.19   LINA wrongly asserted a non-contracted basis for denial and placed its financial interests first by arguing that a fall, or later contended slip, would still be excluded from coverage because it was substantially contributed to by medical treatment or disease.

2.20   Said basis for denial is not allowed by contract and is factually and medically a misstatement of the facts as the fall, or later contended slip, was not contributed to by medical treatment or disease.

2.21   Said basis for denial is contrary to the underlying cause of death as expressed in the official death certificate herein and otherwise demonstrated by the medical record.

2.22   Plaintiff Martin Watson has sustained economic and emotional damages as a result of Defendant's actions.

COMPLAINT– 6
File Number 203769

LAW OFFICES OF
NELSON BLAIR LANGER NELSON PLLC
12055 15th Avenue NE
Seattle, Washington 98125
Telephone: 206-623-7520
Facsimile: 206-622-7068

### III.  FIRST CAUSE OF ACTION – BREACH OF CONTRACT

Plaintiff readopts and realleges all of the foregoing and, in addition, alleges the following:

3.1  Defendant is contracted to provide group accidental death insurance benefits to King County employees and spouses and received full consideration for promising to pay these benefits in the event of an accidental death.

3.2  Defendant has breached the contract by failing to abide by the terms of the benefits plan and accidental death policy.

3.3  Defendant's breach of contract has caused the Plaintiff to sustain damages.

### IV.  SECOND CAUSE OF ACTION – VIOLATION OF WASHINGTON CONSUMER PROTECTION ACT

Plaintiff readopts and realleges all of the foregoing and, in addition, alleges the following:

4.1  The business of insurance, as well as the practice of insurers, agents and adjusters, are subject to the Consumer Protection Act, RCW 19.86, *et. seq.*

4.2  Defendant has violated the Washington Administrative Code, specifically and without limitation §§ 284-30-330(2), (3), (4) and (13), 284-30-360(1), and 284-30-300(1) and (3).

4.3  Defendant, by and through its agents and employees, has violated the Consumer Protection Act, RCW 19.86, *et seq.*, thereby damaging the Plaintiff and entitling her to the additional recoveries allowed thereunder.

### V.  THIRD CAUSE OF ACTION – BAD FAITH

Plaintiff readopts and realleges all of the foregoing and, in addition, alleges the

COMPLAINT– 7
File Number 203769

LAW OFFICES OF
NELSON BLAIR LANGER NELSON PLLC
12055 15th Avenue NE
Seattle, Washington  98125
Telephone: 206-623-7520
Facsimile:  206-622-7068

following:

5.1   LINA had a duty to Mr. Watson, King County and its employees, and the contracting public to conduct itself in good faith respecting these insurance obligations.

5.2   Defendant's arbitrary and wrongful denial of Plaintiff's claim for Accidental Death benefits under Defendant's group accident insurance policy is a breach of its duty to deal in good faith with its insureds.

5.3   Defendant's breach of its duty to deal in good faith with its insured has damaged Plaintiff.

## VI.   FOURTH CAUSE OF ACTION – NEGLIGENCE

Plaintiff readopts and realleges all of the foregoing and, in addition, alleges the following:

6.1   LINA owed statutory, contractual, and common law duties to Plaintiff which were breached by the conduct of LINA herein.

6.2   Said duties were breached by the negligent conduct of LINA in the discharge of its duties.

6.3   Defendant's breach of duties owed to Plaintiff proximately caused damage to the Plaintiff.

## VII.   FIFTH CAUSE OF ACTION - VIOLATIONS OF THE INSURANCE FAIR CONDUCT ACT (RCW 48.30)

Plaintiff readopts and realleges all of the foregoing and, in addition, alleges the following:

7.1   Pursuant to RCW 48.30, *et seq.*, Defendant's denial of Plaintiff's claim for accidental death benefits, after the effective date of said act, constitutes unreasonable conduct

COMPLAINT– 8
File Number 203769

LAW OFFICES OF
NELSON BLAIR LANGER NELSON PLLC
12055 15th Avenue NE
Seattle, Washington 98125
Telephone: 206-623-7520
Facsimile:  206-622-7068

entitling Plaintiff to all statutory relief so provided including the trebling of damages and attorneys fees and litigation costs.

7.2   Additionally, Plaintiff claims that Defendant has violated WAC 284-30-330, "Specific unfair claims settlement practices defined"; WAC 284-30-350, "Misrepresentation of Policy Provisions"; WAC 284-30-370, "Standards for Prompt Investigation Of Claims"; and WAC 284-30-380, "Standards for Prompt, Fair, and Equitable Settlements Applicable to All Insurers." Said violations constitute alternative grounds for the violation of Washington's Insurance Fair Conduct Act entitling Plaintiff to the statutory relief provided by said act.

7.3   Plaintiff is entitled to relief pursuant to the Insurance Fair Conduct Act, in addition to the other causes of action plead herein, as such is specifically provided by statute.

## VIII.   JURY DEMAND

Plaintiff, pursuant to FRCP 38(b), specifically demands that this matter be heard by a jury.

## IX.   PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for a judgment against Defendant in an amount that compensates Plaintiff for damages sustained, as follows, to the extent that they are not duplicative:

A)   All damages shown at trial which proximately flow from Defendant's breach of contract, as set forth above;

B)   All damages shown at trial which proximately flow from the Defendant's violation of the Consumer Protection Act, including, but not limited to, treble damages for each violation up to $10,000 per violation, and reasonable attorneys' fees for bringing this cause of action;

COMPLAINT- 9
File Number 203769

LAW OFFICES OF
NELSON BLAIR LANGER NELSON PLLC
12055 15th Avenue NE
Seattle, Washington 98125
Telephone: 206-623-7520
Facsimile: 206-622-7068

C)   All damages including emotional distress and consequential economic damage shown at trial for Defendant's bad faith dealings with its insured;

D)   All damages to be shown, flowing from the Defendant's negligence;

E)   For declaratory judgment that the court enforce the Defendant's continuing obligation owed to Plaintiff on her claim for Accidental Death benefits under Policy No. OK 821586;

F)   All damages shown at trial which proximately flow from the Defendant's violation of RCW 48.30 *et seq.*, including but not limited to, treble damages and reasonable attorney's fees and costs; and

G)   For Plaintiff's costs and disbursements incurred by bringing these causes of action, along with pre-judgment interest and any other relief permitted by law, which the Court deems just and equitable.

DATED this 23rd day of February, 2015.

NELSON BLAIR LANGER ENGLE PLLC

*/s/ Michael E. Nelson*
Michael E. Nelson, WSBA #6027
12055 15th Avenue NE
Seattle, WA 98125
(206) 623-7520
MikeN@nblelaw.com
Attorneys for Plaintiff

COMPLAINT– 10
File Number 203769

LAW OFFICES OF
NELSON BLAIR LANGER NELSON PLLC
12055 15th Avenue NE
Seattle, Washington 98125
Telephone: 206-623-7520
Facsimile: 206-622-7068